**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KENNETH KERRIGAN et al.,**

              **Plaintiffs,**　　　　　　　　5:11-cv-1320
　　　　　　　　　　　　　　　　　　　　　　　　　(GLS/ATB)
       **v.**

**NEW YORK STATE ELECTRIC &**
**GAS CORPORATION et al.,**

              **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFFS:**<br>Powers, Santola Law Firm<br>39 North Pearl Street<br>2nd Floor<br>Albany, NY 12207-2205 | DANIEL R. SANTOLA, ESQ. |
| **FOR THE DEFENDANTS:**<br>*New York State Electric & Gas Corporation*<br>Ward, Greenberg Law Firm<br>300 State Street<br>Rochester, NY 14614 | THOMAS E. REIDY, ESQ. |
| *Comcast Corporation*<br>Abrams, Gorelick Law Firm<br>1 Battery Park Plaza<br>4th Floor<br>New York, NY 10004 | JESSICA NAPOLI, ESQ. |
| *Verizon Communications, Inc.*<br>Phillips, Lytle Law Firm<br>Omni Plaza | MARC H. GOLDBERG, ESQ. |

30 South Pearl Street
Albany, NY 12207

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiffs Kenneth Kerrigan (Kerrigan) and his wife, Tammy Kerrigan, commenced this action pursuant to 28 U.S.C. § 1332 against defendants New York State Electric & Gas Corporation (NYSEG), Comcast Corporation, and Verizon Communications, Inc., seeking damages for personal injuries sustained by Kerrigan.  (*See* Compl., Dkt. No. 1.) Pending is Comcast's motion for summary judgment dismissing the Complaint and all cross claims against it.  (*See* Dkt. No. 25.)  For the reasons that follow, the motion is denied as premature.

### II. Background

**A.   Facts**[1]

On October 29, 2010, Kerrigan sustained an injury while working for Hawkeye, LLC, a company that was previously hired by NYSEG to "provide[] line construction and related services," in the Town of Carmel,

---

[1] The facts are undisputed.

2

Putnam County. (Def. Comcast's Statement of Material Facts (SMF) ¶¶ 1, 2, 6, 12, Dkt. No. 25, Attach. 1.) While a Hawkeye work crew was "performing certain work on the utility poles located at or about 151 Shear Hill Road," Kerrigan's co-worker, Vanner Kenneth, was directed to move a truck with an attached trailer "to allow traffic to move around an obstruction." (*Id.* ¶¶ 7-10.) Kerrigan, who was directing traffic at the time that Kenneth moved the truck and trailer, was struck by the trailer and injured. (*Id.* ¶¶ 11-12.) "The vehicle that struck [Kerrigan] at the time of the accident was neither owned by Comcast nor operated by a Comcast employee"; it is also clear that "no Comcast employees, contractors or subcontractors [were] present at or about the location of the accident." (*Id.* ¶¶ 13, 17, 19.)

B. **Procedural History**

Plaintiffs filed their Complaint on November 7, 2011, asserting common-law negligence, violations of N.Y. Labor Law §§ 200, 240, and 241, and a derivative claim for loss of consortium against all defendants.[2] (*See* Compl. ¶¶ 26-45.) Defendants separately answered and each

---

[2] Notably, the Kerrigans have withdrawn their N.Y. Labor Law § 240(1) cause of action as against Comcast. (*See* Dkt. No. 27 ¶ 2.) The court hereby dismisses that claim as withdrawn.

3

alleged cross claims against the others. (*See* Dkt. Nos. 7, 10, 12, 14-19.) Comcast filed the instant summary judgment motion before appearing for a Rule 16 conference or engaging in any discovery.[3] (*See* Dkt. No. 25.)

### III. Standard of Review

The standard of review pursuant to Fed. R. Civ. P. 56 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its recent decision in *Wagner v. Swarts*, No. 1:09–cv–652, 2011 WL 5599571, *4 (N.D.N.Y. Nov. 17, 2011).

### IV. Discussion

Comcast contends that the Complaint and all cross claims should be dismissed in their entirety as against it. (*See generally* Dkt. No. 25, Attach. 16 at 7-18.) The Kerrigans counter, and the court agrees, that the motion is premature and should be denied. (*See* Dkt. No. 2-5.)

As relevant here, when a nonmovant is able to show "by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition [to a summary judgment motion], the court may . . . defer considering the motion or deny it." Fed. R. Civ. P. 56(d). Because

---

[3] A conference scheduled for March 12, 2012 before Magistrate Judge Andrew T. Baxter was cancelled by text order dated March 9, 2012 in light of Comcast's pending motion.

4

plaintiffs have submitted an affidavit sufficiently setting forth their inability to present facts essential to justify their opposition to this motion, (*see* Dkt. No. 27), the court deems it appropriate to deny the motion as premature with leave to renew at a proper time.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that plaintiff's N.Y. Labor Law § 240(1) claim against Comcast (Dkt. No. 1) is **DISMISSED** as withdrawn; and it is further

**ORDERED** that Comcast's motion (Dkt. No. 25) is **DENIED** as premature with leave to renew; and it is further

**ORDERED** that the parties contact Magistrate Judge Baxter to schedule further proceedings in accordance with this Memorandum–Decision and Order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 25, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

5