**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KENNETH KERRIGAN et al.,**

                      **Plaintiffs,**              **5:11-cv-1320**
                                                     **(GLS/ATB)**

           **v.**

**NEW YORK STATE ELECTRIC &**
**GAS CORPORATION et al.,**

                      **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| Powers, Santola Law Firm | DANIEL R. SANTOLA, ESQ. |
| 39 North Pearl Street | |
| 2nd Floor | |
| Albany, NY 12207-2205 | |
| | |
| **FOR THE DEFENDANTS:** | |
| _New York State Electric & Gas Corporation_ | |
| Ward, Greenberg Law Firm | THOMAS E. REIDY, ESQ. |
| 300 State Street | |
| Rochester, NY 14614 | |
| | |
| _Comcast Corporation_ | |
| Abrams, Gorelick Law Firm | JESSICA NAPOLI, ESQ. |
| 1 Battery Park Plaza | |
| 4th Floor | |
| New York, NY 10004 | |
| | |
| _Verizon Communications, Inc._ | |
| Phillips, Lytle Law Firm | MARC H. GOLDBERG, ESQ. |
| Omni Plaza | |

30 South Pearl Street
Albany, NY 12207

**Gary L. Sharpe
Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiffs Kenneth Kerrigan (Kerrigan) and his wife, Tammy Kerrigan, commenced this action pursuant to 28 U.S.C. § 1332 against defendants New York State Electric & Gas Corporation (NYSEG), Comcast Corporation, and Verizon Communications, Inc., seeking damages for personal injuries sustained by Kerrigan.  (*See* Compl., Dkt. No. 1.) Pending is Comcast's motion for summary judgment dismissing the Complaint and all cross claims against it.  (*See* Dkt. No. 25.)  For the reasons that follow, the motion is denied as premature.

## II. Background

### A.   Facts[1]

On October 29, 2010, Kerrigan sustained an injury while working for Hawkeye, LLC, a company that was previously hired by NYSEG to "provide[] line construction and related services," in the Town of Carmel,

---

[1] The facts are undisputed.

2

Putnam County.  (Def. Comcast's Statement of Material Facts (SMF) ¶¶ 1,
2, 6, 12, Dkt. No. 25, Attach. 1.)  While a Hawkeye work crew was
"performing certain work on the utility poles located at or about 151 Shear
Hill Road," Kerrigan's co-worker, Vanner Kenneth, was directed to move a
truck with an attached trailer "to allow traffic to move around an
obstruction."  (*Id.* ¶¶ 7-10.)  Kerrigan, who was directing traffic at the time
that Kenneth moved the truck and trailer, was struck by the trailer and
injured.  (*Id.* ¶¶ 11-12.)  "The vehicle that struck [Kerrigan] at the time of
the accident was neither owned by Comcast nor operated by a Comcast
employee"; it is also clear that "no Comcast employees, contractors or
subcontractors [were] present at or about the location of the accident."  (*Id.*
¶¶ 13, 17, 19.)

## B.   Procedural History

Plaintiffs filed their Complaint on November 7, 2011, asserting
common-law negligence, violations of N.Y. Labor Law §§ 200, 240, and
241, and a derivative claim for loss of consortium against all defendants.[2]
(*See* Compl. ¶¶ 26-45.)  Defendants separately answered and each

---

[2] Notably, the Kerrigans have withdrawn their N.Y. Labor Law § 240(1) cause of action
as against Comcast.  (*See* Dkt. No. 27 ¶ 2.)  The court hereby dismisses that claim as
withdrawn.

alleged cross claims against the others.  (*See* Dkt. Nos. 7, 10, 12, 14-19.)

Comcast filed the instant summary judgment motion before appearing for a

Rule 16 conference or engaging in any discovery.[3]  (*See* Dkt. No. 25.)

### III.  Standard of Review

The standard of review pursuant to Fed. R. Civ. P. 56 is well

established and will not be repeated here.  For a full discussion of the

standard, the court refers the parties to its recent decision in *Wagner v.*

*Swarts*, No. 1:09–cv–652, 2011 WL 5599571, *4 (N.D.N.Y. Nov. 17, 2011).

### IV.  Discussion

Comcast contends that the Complaint and all cross claims should be

dismissed in their entirety as against it.  (*See generally* Dkt. No. 25, Attach.

16 at 7-18.)  The Kerrigans counter, and the court agrees, that the motion

is premature and should be denied.  (*See* Dkt. No. 2-5.)

As relevant here, when a nonmovant is able to show "by affidavit or

declaration that, for specific reasons, it cannot present facts essential to

justify its opposition [to a summary judgment motion], the court may . . .

defer considering the motion or deny it."  Fed. R. Civ. P. 56(d).  Because

---

[3] A conference scheduled for March 12, 2012 before Magistrate Judge Andrew T.
Baxter was cancelled by text order dated March 9, 2012 in light of Comcast's pending motion.

4

plaintiffs have submitted an affidavit sufficiently setting forth their inability to present facts essential to justify their opposition to this motion, (*see* Dkt. No. 27), the court deems it appropriate to deny the motion as premature with leave to renew at a proper time.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that plaintiff's N.Y. Labor Law § 240(1) claim against Comcast (Dkt. No. 1) is **DISMISSED** as withdrawn; and it is further

**ORDERED** that Comcast's motion (Dkt. No. 25) is **DENIED** as premature with leave to renew; and it is further

**ORDERED** that the parties contact Magistrate Judge Baxter to schedule further proceedings in accordance with this Memorandum–Decision and Order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 25, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

5